### George Scott v. The State.

No. 3113.   Decided April 29, 1914.

**1.—Assault to Rape—Force—Charge of Court.**

Upon trial of assault with intent to rape upon a female under the age of consent, there was no error in the court's failure to define force in his charge.

**2.—Same—Date of Offense—Election by State.**

Where, upon trial of assault to rape, there were two cases pending against the defendant upon different dates, and the charge of the court submitted both after the State had elected, the same was reversible error.

**3.—Same—Aggravated Assault—Charge of Court.**

Where, upon trial of assault with intent to rape, the court submitted aggravated assault, he should have defined said offense as applicable to the evidence in the case which presented indecent and improper fondling of prosecutrix.

Appeal from the District Court of Grayson. Tried below before the Hon. J. K. Jamison, Special Judge.

Appeal from a conviction of assault with intent to rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Lawson & Cawthon,* for appellant.—On question of election: Powell v. State, 82 S. W. Rep., 516; Henderson v. State, 49 Texas Crim. Rep., 511, 93 S. W. Rep., 550.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of an assault with intent to rape, and his punishment assessed at fifteen years confinement in the penitentiary.

The indictment in this case charges the assault to have been committed on or about the 10th day of November, 1913, on Gladys Sconyers, a girl under fifteen years of age.

The complaint that the court should have defined "force" and instructed the jury in regard thereto is not applicable to this character of case, for if the offense was committed with the consent of the girl, it would be no defense, for under the law she is declared too immature to consent. But it appears that after the girl had testified to the offense taking place on November 10th, on cross-examination she also testified to appellant having also assaulted her on October 25th, and on that date had given her two dollars, when the county attorney stated: "Counsel understands there are two cases against the defendant in this matter. We are trying him now on the 10th of November. I don't suppose he wants to try both cases at once." After appellant had further cross-examined her in regard to these transactions, the county attorney on redirect examination had her testify: "Mr. Scott was at my house twice and tried to do that way with me. I remember what happened each time he was there. The first time he was there was about October 24th or 25th, and the last time about the 10th of November,—the day he was arrested." It is further shown by another bill that the county attorney in his closing address said to the jury: "That if defendant was not guilty of the crime alleged on November 10th, then they should consider the evidence as to whether or not he was guilty of the crime attempted to be proved as having been committed on October 25, 1913." The court in approving the bill states, "The county attorney took the position presented by the charge of the court, which was to the effect if defendant at any time within three years prior to the return of the indictment did as charged he would be guilty." This but emphasizes the contention that the jury was authorized to convict appellant on this trial of either of the offenses testified to by the prosecuting witness, although there were separate indictments pending for each of said alleged offenses.

The record also discloses that appellant moved to strike from the record and instruct the jury not to consider any testimony in regard to an alleged act on October 25th. This was after the county attorney had stated, as shown above, that he was trying the offense this time alleged to have taken place on November 10th. While under the circumstances the court did not err in not striking this evidence from the record, yet the court in his charge should have instructed the jury that he was not on trial for the offense alleged to have occurred on October 25th, and the purposes for which said testimony was admitted in evidence, and especially when appellant's counsel presented a special charge requesting that the court so instruct the jury as he did in his special charge No. 2. Special charges Nos. 1 and 3 were correctly refused by the court.

Another matter we would call attention to, although not complained of in a way which we would be authorized to consider it, yet as the case will be reversed for the reasons above stated, and as the court submitted aggravated assault, the court should have in some portion of the charge

properly defined aggravated assault as applicable to the evidence in this case—the indecent and improper fondling of the person of a female under fifteen years of age.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*